51 F.3d 268
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mesfin TSEGAYE, Petitioner,
v.
NATIONAL TRANSPORTATION SAFETY BOARD; Federal Aviation
Administration, Respondents.
 No. 94-1995.
 United States Court of Appeals, Fourth Circuit.
 Argued March 10, 1995.
Decided April 10, 1995.
 
 ARGUED: Joseph David Kuchta, KUCHTA & BRINKER, Washington, DC, for Petitioner. James Aloysius Barry, Enforcement Division, Office of the Chief Counsel, FEDERAL AVIATION ADMINISTRATION, Washington, DC, for Respondents. ON BRIEF: Kathleen A. Yodice, Acting Manager, Appellate Branch, Enforcement Division, Office of the Chief Counsel, FEDERAL AVIATION ADMINISTRATION, Washington, DC, for Respondents.
 Before WIDENER, WILKINS, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Mesfin Tsegaye petitions for review of an order of the National Transportation Safety Board (NTSB), suspending his pilot's certificate for 90 days. After de novo review of the record, and based on assurances from the government at oral argument, we are of opinion that the NTSB was not in error and we affirm.
 
 
 2
 Two orders of suspension are relevant to this petition. The first order of suspension, dated August 26, 1992, relates to Tsegaye's failure to submit to reexamination of his airman's competence as requested by the FAA. This suspension lasts until Tsegaye appears for and passes a successful reexamination. Tsegaye surrendered his pilot's certificate to the FAA pursuant to this first order of suspension, and did not appeal. The second, 90-day order of suspension dated February 25, 1993, also requiring Tsegaye to surrender his certificate, arose from Tsegaye's violation of FAA regulations during a landing. Tsegaye appealed the second order to the NTSB, which denied the appeal and stayed the order pending appeal to this court.
 
 
 3
 Tsegaye argues that because he has already surrendered his pilot's certificate to the FAA under the first order of suspension, the second order must be reversed because it requires him to turn over a certificate he no longer possesses.
 
 
 4
 Tsegaye's attorney represented at oral argument that Tsegaye does not want his certificate immediately returned, and he does not challenge the substantive allegations underlying the 90-day suspension. His concern is that once the NTSB order with respect to the 90-day suspension goes into effect, he will be subject to further punitive action by the FAA for failure to comply with the order by not surrendering the certificate. Specifically, Tsegaye argues that he could be subjected to a civil penalty of $1,000 per day for failure to comply with 14 C.F.R. Sec. 61.19(f). See 49 U.S.C.App. Sec. 1471(a)(1).
 
 
 5
 At oral argument, the attorney for the FAA assured us that no further punitive action will be sought against Tsegaye once the NTSB order of February 25, 1993 is effective. The attorney stated that, assuming that the order is affirmed, the only effect of the order will be that the 90-day suspension period will begin to run when our decision is effective, and the suspension will be put in the record as part of Tsegaye's violation history. No other punitive action will be taken against Tsegaye for failure to turn his pilot's certificate over to the FAA pursuant to the order of February 25, 1993, provided he still is not in possession of that certificate. We are of opinion that the two suspensions may run concurrently and that such assurances are sufficient to address Tsegaye's concerns. Relying upon them as a condition of our decision, we decline to disturb the 90-day suspension of February 25, 1993, on the reasoning contained in the NTSB order.
 
 
 6
 PETITION FOR REVIEW DENIED.